# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00324-RJC-DSC

| | |
|---|---|
| AYMAN KAMEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PATRICK WHALEN, 5 CHURCH INC., | ) |
| 5 CHURCH CHARLESTON LLC, AND | ) |
| MAP MANAGEMENT OF | ) |
| CHARLOTTE LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 4, and the parties' briefs and exhibits. Docs. 5, 7, and 9.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The instant action arises out of a seven-count Complaint (the "Present Complaint") filed on June 10, 2020. Plaintiff asserts claims for "Fraud-Negligent Misrepresentation," "Breach of

Fiduciary Duty," "Declaratory Action Operating," "Quantum Meruit / Unjust Enrichment," "Breach of Implied Duty of Good Faith and Fair Dealing," "Unfair and Deceptive Trade Practices" in violation of N.C. Gen. Stat. § 75-1.1, and "Civil Conspiracy."

In 2017, Plaintiff sued the same Defendants[1] in this Court (the "2017 Lawsuit"). Several claims were resolved on summary judgment. Significantly, the 2017 Order found that Defendants were entitled to summary judgment on Plaintiff's breach of fiduciary duty claim against Whalen and his claim under section 75-1.1 See Kamel v. 5Church, Inc., No. 3:17-CV-507-RJC-DCK, 2019 WL 4024252, at *9-10 (W.D.N.C. Aug. 23, 2019).

The first fifty-four paragraphs of the Present Complaint are nearly identical to the 2017 Complaint. The Present Complaint contains new allegations in paragraphs 55-70. Plaintiff alleges the new allegations are "due to actions that have transpired since the resolution of the previous complaint filed in 2017" and "are due to new actions of Defendants, to further disparage, frustrate and defraud the Plaintiff." Doc. 7 at 1. Pursuant to the new allegations, Plaintiff claims that "Whalen continued to disparage Kamel on social media and various media outlets" and "attempt[ed] to remove Kamel from 5 Church, then sent Kamel a 'Call Right Notice' claiming to 'reimburse' him for the ownership shares and removing him from 5 Church." Doc. 1 at ¶¶ 57-58. Defendant sent checks "purporting to be for the investment interest of Kamel, for [Kamel's] alleged breach of the Operating Agreement in 5Church Charlotte, and 5Church Charleston." Id. at ¶ 61. Plaintiff "disputed the alleged breach, accepted the checks as down payment for a portion of his shares and attempted to deposit the checks in the account." Id. at ¶ 62. The check for Plaintiff's investment interest in 5Church Charlotte was "returned for insufficient funds." Id. at ¶ 64. After a second attempt to deposit the check, "Kamel was told a stop payment had been placed on the

---

[1] One of the Defendants in the 2017 lawsuit, Alejandro Torio, is not a party here.

check." Id. at ¶ 64. Plaintiff alleges that "[i]n further attempting to frustrate Kamel, Whalen continually failed to provide funds for this check sent to Kamel." Id. at ¶ 65. Plaintiff further alleges that "the amounts of the payments were significantly less than the Fair Market Value of the Shares in Charlotte [ ] and Charleston [ ]." Id. at ¶ 68. Plaintiff brings this action because "Whalen has continued in a course of action to harass and annoy Kamel, use false and misleading information to remove Kamel from 5 Church and act in a manner that is inconsistent with the Operating Agreement in an unfair and deceptive manner." Id. at ¶ 70.

On July 29, 2020, Defendants filed their "Motion to Dismiss Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." Defendant argues that the majority of Plaintiff's seven count Complaint "is a mere regurgitation of the facts alleged in a prior lawsuit brought by Plaintiff which has already been adjudicated by this Court." Doc. 4 at ¶ 1. Defendant also argues that Plaintiffs' actions are barred under the doctrine of res judicata because the 2017 Lawsuit involved the same parties and similar claims arising out of the same transactions.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of

Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The doctrine of res judicata precludes a party from litigating a claim that was decided or could have been decided in a prior action. First Union Commer. Corp. v. Nelson, Mullins, Riley & Scarborough, 81 F.3d 1310, 1314-1315 (4th Cir. 1995); Sartin v. Macik, 535 F.3d 284 (4th Cir. 2008). "The doctrine of res judicata or claim preclusion provides that a final judgment on the merits in a prior action bars a second suit involving the same parties or their privies based upon the same cause of action." Steele v. Capitol One Home Loans, LLC, 3:15-cv-595-GCM, 2015 U.S. Dist. LEXIS 168910 (W.D.N.C. Dec. 17, 2015); see also Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997); Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir. 1990). "A judgment in a prior case has a preclusive effect if: (1) there is a final judgment in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." U.S. ex rel. May, 737 F.3d 908, 912 (4th Cir. 2008) (quoting Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013)); see also Jafrum Int'l, Inc. v. Helmut Venture, Inc., C.A. No. 3:14-cv-00566-GCM, 2016 U.S. Dist. LEXIS 4811 (W.D.N.C. Jan. 14, 2016). "If a second suit arises out of the same cause of action as the first, res judicata is an absolute bar, not only to each claim actually litigated in the first suit, but also to each claim which might have been raised in the prior litigation, even if the Plaintiff fails to do so." Jones v. Hill, 2015 U.S. Dist. LEXIS

58611, *12 (W.D.N.C. Mar. 31, 2015) (emphasis supplied); see also First Union, 81 F.3d at 1315-1316.

In determining whether the causes of action are identical, courts follow the transactional approach. See Clodfelter, 720 F.3d at 210. "This means that two cases are sufficiently identical to meet this test if the latter case "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."" Jafrum, C.A. No. 3:14-cv-00566-GCM at *5 (quoting Clodfelter, 720 F.3d at 210). The plaintiff does not have to pursue the same legal theory in the second lawsuit. Rather, the second suit is barred if it arises out of the same transaction or series of transactions or out of the same core of operative facts. First Union, 81 F.3d at 1316. Actual knowledge of the potential claims is not required. Id.

Similarly, collateral estoppel "precludes re-litigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." Weinberger v. Tucker, 510 F.3d 486 (4th Cir. 2007) quoting Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311 (4th Cir. 1987). "Issue preclusion applies if the moving party establishes: (1) the issue of fact or law was previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the court's determination of the issue was a critical and necessary part of its decision; (4) the prior judgment was final and valid; and (5) the parties against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the previous forum." Sedlack v. Braswell Servs. Grp., Inc., 134 F.3d 219, 224 (4th Cir. 1998).

A. Breach of Fiduciary Duty

Plaintiff alleges that Whalen breached his fiduciary duty while "in a position of power" over him. See Doc. 1 at ¶ 80. In the 2017 Lawsuit, Plaintiff alleged a claim for breach of fiduciary

duty against Whalen, and this Court found: "Kamel does not, however, have standing to bring an individual claim for breach of fiduciary duty against Whalen. Contrary to Kamel's contention, Whalen, as manager, does not owe fiduciary duties to Kamel. Directors of a corporation owe fiduciary duties to the corporation, rather than to the shareholders." Kamel, 2019 WL 4024272 at *9.

Collateral estoppel or issue preclusion, "precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in a prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." Virginia Hosp. Ass'n., 830 F.2d at 1311. Plaintiff has not alleged any new facts that would alter the Court's previous determination of the claim, and Whalen's position as manager has not changed since the 2017 Lawsuit. The issue of whether Whalen owes fiduciary duties to Kamel is barred by collateral estoppel. See Sedlack, 134 F.3d at 224 (setting forth elements that must be met for collateral estoppel to apply).

Accordingly, the undersigned respectfully recommends that Plaintiff's claim for breach of fiduciary duty against Whalen be dismissed.

B. North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA")

Plaintiff alleges that "Defendants have acted in a manner which had the capacity or tendency to deceive and act unfairly" and the acts "constitute unfair and deceptive trade practices in violation of N.C.G.S. 75-1.1 et seq." Doc. 1 at ¶¶ 100-101. Under the UDTPA, the Plaintiff must allege "(1) defendants committed an unfair or deceptive trade practice, (2) in or affecting commerce and (3) plaintiff was injured as a result." Phelps-Dickson Builders, LLC v. Amerimann Partners, 172 N.C. App. 427, 439, 617 S.E.2d 664, 671 (2005).

In the 2017 Lawsuit, the Court found that the UDTPA "plays no role in resolving these internal corporate disputes" and "Defendants are entitled to summary judgment on Kamel's claim under section 75-1.1" Kamel, 2019 WL 4024252, at *10. "[A]ny unfair or deceptive conduct contained solely within a single business is not covered by [section 75-1.1]." White v. Thompson, 691 S.E.2d 676, 680 (N.C. 2010).

This remains an internal corporate dispute. Collateral estoppel "precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in a prior litigation." Virginia Hosp. Ass'n., 830 F.2d at 1311. Because this Court previously "determined this issue" as a "critical and necessary part of its decision" to grant summary judgment on the UDTPA claim, the undersigned respectfully recommends that Plaintiff's UDTPA claim be dismissed. See Sedlack, 134 F.3d at 224.

C. Fraud-Negligent Misrepresentation

Plaintiff has alleged "Fraud-Negligent Misrepresentation" in the Present Complaint. These are two distinct causes of action.

Under North Carolina law, fraud requires a showing of "(1) [a] [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injur[ed] party." Ragsdale v. Kennedy, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974). A fraud claim is subject to a heightened pleading standard under Fed. R. Civ. P. 9(b). Plaintiff does not set forth any new allegations to support a fraud claim. And his new allegations do not meet the Rule 9(b) heightened pleading standard. Accordingly, the undersigned recommends that Plaintiff's claim for fraud be dismissed.

Under North Carolina law, a claim for negligent misrepresentation requires that Plaintiff show "(1) that he justifiably relied (2) to his detriment (3) on the information prepared without reasonable care (4) by a defendant who owed a duty of care." GeoPlastics v. Beacon Dev. Co., 434 Fed. App'x. 256, 259-60 (4th Cir. 2011). Plaintiff's new allegations do not allege any "justifiable reliance" on claims made by Defendants or that Defendants prepared information without reasonable care. Further, Plaintiff has not cited any case law in support of his claim that a returned check constitutes negligent misrepresentation. Accordingly, the undersigned recommends that Plaintiff's claim for negligent misrepresentation be dismissed.

D. Quantum Meruit / Unjust Enrichment

Plaintiff has alleged "Quantum Meruit / Unjust Enrichment" in his Present Complaint. These are also two distinct causes of action.

"To recover in *quantum meruit*, [a] plaintiff must show: (1) services were rendered to defendants; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously." Q Level, LLC v. Moog Music, Inc., No. 1:20-CV-00046-MR-WCM, 2020 WL 5269989, at *3 (W.D.N.C. Sept. 4, 2020) (quoting Clark v. Burnette, No. 19 CVS 8565, 2020 WL 469428, at *6 (N.C. Super. Jan. 28, 2020)).

Under "res judicata, or claim preclusion, a final decision on the merits of an action precludes the parties or their privies from relitigating issues that . . . *could have been raised* in that action." See Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 77 n.1 (1984) (emphasis added). A claim for quantum meruit could have been raised in the 2017 Lawsuit, based upon previous allegations of services rendered by Plaintiff. That claim is barred under res judicata. Further, Plaintiff's new allegations do not allege any services rendered to any Defendant, that Defendants knowingly and voluntarily accepted those services, nor that the services were not given

gratuitously. Accordingly, the undersigned respectfully recommends that Plaintiff's Quantum Meruit claim be dismissed.

"In order to properly set out a claim for unjust enrichment, a plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation on the part of the defendant to account for the benefits received." Mountain Land Properties, Inc. v. Lovell, 46 F. Supp. 3d 609, 623 (W.D.N.C. 2014) (quoting Norman v. Nash Johnson & Sons' Farms, Inc., 140 N.C. App. 390, 417, 537 S.E.2d 248, 266 (2000)). Plaintiff's new allegations do not allege that any property or benefits were conferred on the Defendants. Plaintiff cannot rely on allegations in the 2017 Lawsuit to support his claim for unjust enrichment in the present case. See Migra, 465 U.S. at 77 n.1 (1984). Accordingly, the undersigned respectfully recommends that Plaintiff's Unjust Enrichment claim be dismissed.

E. Breach of Implied Duty of Good Faith and Fair Dealing

Plaintiff alleges that "Whalen, as manager of both LLCs, had an implied duty of good faith and fair dealing with Plaintiff in the course of performing his duties and pursuant to the operating agreement" and that he breached that duty. Doc. 1 at ¶¶ 95-96. A claim for breach of implied duty of good faith and fair dealing arising out of the Operating Agreement could have been raised in the 2017 Lawsuit. See Kamel, 2019 WL 4024252 at *2 ("In connection with the formation of 5Church Charlotte, Whalen, Kamel, and Panzino executed an Operating Agreement."). As such, res judicata bars litigation of this cause of action here. See Migra, 45 U.S. at 77 n.1 (1984) ("Under res judicata, or claim preclusion, a final decision on the merits of an action precludes the parties or their privies from relitigating issues that . . . *could have been raised* in that action."). Accordingly, the undersigned respectfully recommends that Plaintiff's claim for breach of the implied duty of good faith and fair dealing be dismissed.

F. Civil Conspiracy

In North Carolina, "[t]here is no independent cause of action for civil conspiracy." Toomer v. Garrett, 574 S.E.2d 76, 92 (N.C. App. 2002). However, if the plaintiff can establish the existence of a civil conspiracy, all of the conspirators will be jointly and severally liable for the act of any co-conspirator undertaken in furtherance of the conspiracy. Spirax Sarco, Inc. v. SSI Eng'g, Inc., No. 5:14-CV-519-F, 2015 WL 4723609, at *7 (E.D.N.C. Aug. 10, 2015) (quoting Jackson v. Blue Dolphin Commc'ns of N. Carolina, L.L.C., 226 F.Supp.2d 785, 791 (W.D.N.C. 2002)). The plaintiff must allege: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." Piraino Bros., LLC v. Atlantic Fin. Grp., Inc., 712 S.E.2d 328, 333 (N.C. App. 2011).

But the doctrine of intra-corporate immunity, which is well established in North Carolina, generally prohibits bringing a conspiracy claim against a corporation and its agents because "claiming that a corporation has conspired with its agents, officers, or employees ... is 'tantamount to accusing a corporation of conspiring with itself.'" See Cent. Nat'l Gottesman Inc. v. Nakos Paper Prod. Inc., No. 3:18-CV-640-RJC-DSC, 2019 WL 7670103, at *8 (W.D.N.C. Aug. 28, 2019), memorandum and recommendation adopted, No. 318CV00640RJCDSC, 2019 WL 5420103 (W.D.N.C. Oct. 23, 2019); see also Kingsdown, Inc. v. Hinshaw, No. 14 CVS 1701, 2015 WL 1441826 (N.C. Super. Ct. Mar. 25, 2015) (quoting State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 646 S.E.2d 790, 799 (N.C. App. 2007)).

Plaintiff alleges that the acts by Defendants "show a detailed pattern of an agreement to remove Kamel from the business, and also prevent him from participating in the new business ventures in violation of the Operating Agreement." Doc. 1 at ¶ 105. Defendants argue that

Plaintiff's civil conspiracy claim is barred by the intra-corporate immunity doctrine because "Mr. Whalen is a member and/or shareholder of 5 Church Charlotte, 5 Church Charleston, and MAP Management" and "an agreement between Mr. Whalen and any of those entities cannot be the basis for a civil conspiracy claim based on the intra-corporate immunity doctrine." The Court agrees. Plaintiff has failed to show any agreement among the corporate defendants. Consequently, the civil conspiracy claim fails and should be <u>dismissed</u>.

The undersigned respectfully recommends that Defendants' Motion to Dismiss Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint be <u>granted</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 4, be **granted.**

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO RECOMMENDED**.

Signed: October 5, 2020

David S. Cayer
United States Magistrate Judge