UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-324-RJC-DSC

| AYMAN KAMEL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
|  | ) ORDER |
| PATRICK WHALEN, 5 CHURCH INC., 5 CHURCH CHARLESTON, LLC, and MAP MANAGEMENT OF CHARLOTTE, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court Defendants' Motion to Dismiss, (Doc. No. 4); Defendants' Memorandum of Support, (Doc. No. 5); Plaintiff's Memorandum in Opposition, (Doc. No. 7); Defendants' Reply, (Doc. No. 9); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 10), recommending that this Court grant Defendants' motion; Plaintiff's Objection to the M&R, (Doc. No. 11); and Defendants' Reply to Plaintiffs' Objection, (Doc. No. 12).

## I. BACKGROUND

Although Plaintiff filed an objection to the recommendations of the M&R, arguing that the Magistrate Judge failed to consider the ramifications of particular facts upon the legal analysis, no party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. (Doc. No. 11). Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters

1

pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

### III. DISCUSSION

The Magistrate Judge recommended that this Court grant Defendants' Motion to Dismiss Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint. (Doc. No. 10). Plaintiff had previously sued the Defendants in this Court, during which case the Court issued a 2017 Order finding that Defendants were entitled to summary judgment on a series of claims Plaintiff had filed. (Id., citing Kamel v. 5Church, Inc., No. 3:17-CV-507-RJC-DCK, 2019 WL 4024252 (W.D.N.C. Aug. 23, 2019) (the "2017 lawsuit")). The M&R recommends dismissing the counts listed above from the current lawsuit, including specifically dismissing Counts Two, Four, Five, and Six based on a combination of collateral estoppel and

*res judicata* due to the 2017 lawsuit.

Plaintiff filed an objection to the M&R. (Doc. No. 11). In the objection, Plaintiff argues that the M&R "fails to consider" the actions of Defendants that occurred after the 2017 lawsuit. (Doc. No. 11 at 4). Specifically, Plaintiff posits that the M&R failed to consider that allegations relating to the check sent to Plaintiff for insufficient funds all occurred after the 2017 lawsuit, and therefore could not have been resolved by the 2017 Order. (Id.). Defendants reply that Plaintiff has forfeited his right to *de novo* review by failing to raise a proper objection, having merely restated his position after the M&R did indeed "consider" Plaintiff's argument. (Doc. No. 12 at 2–4). Moreover, Defendants argue that even if the objection had been proper, the Magistrate Judge correctly found that the claims in question should be dismissed for the reasons stated by the Magistrate Judge. (Id. at 4–5).

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a *de novo* determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). At the outset, neither party has objected to the M&R's finding that Counts One and Seven should be dismissed, which the Magistrate Judge recommended on grounds other than collateral estoppel or *res judicata*. (Doc. No. 10 at 8–9, 11–12). The time for doing so having passed, the parties have waived their right to *de novo* review of these issues. Nevertheless, this Court has conducted a full review of the M&R and other documents of record

3

and, having done so, hereby finds that the recommendation of the Magistrate Judge as to Counts One and Seven is, in all respects, in accordance with the law and should be approved.

Counts Two, Four, Five, and Six are implicated by Plaintiff's objection to the M&R. The objection does not provide a legal argument and instead states that the Magistrate Judge had "failed to consider" the timeline of events alleged in the Complaint and their relation to the 2017 lawsuit. (Doc. No. 11 at 4). However, this is precisely the argument that Plaintiff made prior to the issuance of the M&R, as Plaintiff filed a Response to the Motion to Dismiss arguing in relevant part that the "prior claims dismissed in the 2017 lawsuit have no bearing the factual allegations contained herein," and "are due to new actions of Defendants, to further disparage, frustrate and defraud the Plaintiff." (Doc. No. 7 at 1–2). The Magistrate Judge quoted these sections directly in his M&R. (Doc. No. 10 at 2). The Magistrate also repeatedly references Plaintiff's new arguments and specifically analyzes the issue of the check that Plaintiff notes in his objection. (Doc. No. 10 at 2–3, 9–11). Plaintiff does not offer any additional legal or factual argument in his objection beyond this general point. (Doc. No. 11 at 4). In short, Plaintiff's objection simply restates an argument that he already made and that the Magistrate Judge took into account when issuing his M&R.

"A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement

4

with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Jones v. Astrue, No. 1:09CV430, 2011 WL 815388, at *1 (W.D.N.C. Feb. 28, 2011) (quoting Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D.Mich.2004)). When a party makes general and conclusory objections, *de novo* review is unnecessary. Teklewolde v. North Carolina, No. 3:07-CV-57C, 2007 WL 3101366, at *1 (W.D.N.C. Oct. 19, 2007) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982)). The same is true when a party simply summarizes what it has previously presented rather than making specific objections to the Magistrate Judge's proposed findings and recommendations. Jones, 2011 WL 815388 at *2. Because Plaintiff's objection merely restates his prior argument that the Magistrate Judge already noted and considered in the M&R, Plaintiff has not filed an objection that necessitates *de novo* review.

No other objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to *de novo* review of the Magistrate Judge's recommendation to dismiss Counts Two, Four, Five, and Six in Plaintiff's Complaint. Fed. R. Civ. P. 74(b). Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

## IV. CONCLUSION

Regarding the aspects of the M&R to which no party objected, the Court has

conducted an independent review of the M&R and record and concludes that those findings and conclusions of the M&R are correct and in accordance with law. Regarding the portion of the M&R to which the Plaintiff objected, the objection simply restated Plaintiff's prior argument that the Magistrate Judge had considered, and therefore there was no proper objection to the M&R. The Court conducted an independent review of the remaining portions of the M&R and record, and concludes that those findings and conclusions of the M&R are also correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 10), is **ADOPTED**;
2. Defendants' Motion to Dismiss Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint, (Doc. No. 4), is **GRANTED**; and
3. Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint are hereby dismissed.

**SO ORDERED**.

Signed: April 13, 2021

Robert J. Conrad, Jr.
United States District Judge