IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00324-RJC-DSC

| | |
|---|---|
| AYMAN KAMEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PATRICK WHALEN, 5 CHURCH INC., | ) |
| 5 CHURCH CHARLESTON LLC, AND | ) |
| MAP MANAGEMENT OF | ) |
| CHARLOTTE LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Count Three of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)," Doc. 15, and the parties' briefs and exhibits. Docs. 16, 18, and 20.

The Motion has been referred to the undersigned Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends the Defendants' Motion to Dismiss be <u>denied</u> as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises out of a seven-count Complaint filed on June 10, 2020. On April 13, 2021, this Court dismissed Counts One, Two, Four, Five, Six, and Seven of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Count Three remains.

Count Three seeks a judicial declaration regarding the parties' "rights and obligations under the employment agreement." Doc. 1 at ¶ 87. On May 20, 2021, Defendants filed their "Motion to Dismiss Count Three of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)." Defendants argue that as a result of the dismissal of Counts One, Two, Four, Five, Six, and Seven, this Court lacks subject matter jurisdiction because the amount in controversy requirement is not met. Doc. 16 at 3. It is not disputed that complete diversity exists among the parties. Doc. 16 at 3. Plaintiff's Complaint alleges the amount in controversy "exceeds $75,000." Doc. 1 at ¶ 6.

On June 7, 2021, Plaintiff filed a Response to Defendants' Motion to Dismiss. Doc. 18. On June 21, 2021, Defendants replied to Plaintiff's Response to the Motion to Dismiss. Doc. 20.

## II. DISCUSSION

Federal district courts have limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Vuyyuru, 555 F.3d at 347.

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). A challenge to the court's subject matter jurisdiction is properly considered on a motion pursuant to Fed. R. Civ. P. 12(b)(1). Clinton v. Brown, No. 3:15-cv-0048-FDW-DSC, 2015 WL 4941799 (W.D.N.C. Aug. 19, 2015).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).

In determining whether subject matter jurisdiction exists for purposes of deciding a Rule 12(b)(1) motion to dismiss, the court regards allegations in the pleadings as "mere evidence on the issue," and may consider evidence outside the pleadings without converting the motion to one for summary judgment. RF&P RR. Co., 945 F.2d at 768; F.R.C.P. 12(d). "A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (citations omitted).

Concerning the amount in controversy requirement, the Fourth Circuit restated the controlling principles as follows:

> In most cases, the sum claimed by the plaintiff controls the amount in controversy determination. If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.
> Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden. They must show the legal impossibility of recovery to be so certain as virtually to negative the plaintiff's good faith in asserting the claim. A mere dispute over the mathematical accuracy of a plaintiff's damages calculation does not constitute such a showing.

JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotations omitted).

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the "value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The value of the object of the litigation is determined by "the potential pecuniary effect that a judgment would have on either party to the litigation." Lee v. Citimortgage, Inc., 739 F. Supp. 2d 940, 946 (E.D. Va. 2010). Under this test, the jurisdictional amount is satisfied if either "the direct pecuniary value of the right that a plaintiff seeks to enforce or the cost of the defendant's compliance with the prospective equitable relief" exceeds $75,000. Lee, 739 F. Supp. 2d at 946.

Whether more than $75,000 is in controversy is evaluated as of the time the complaint is filed. Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204-05 (4th Cir. 1979). Once the amount in controversy is met, subsequent events cannot reduce the amount to defeat diversity. Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-93 (1938) (subsequent determination that one of plaintiff's claims was meritless did not destroy jurisdiction even though remaining claims appeared not to meet amount in controversy)).

Applying those legal principles to the record here, the amount claimed by the Plaintiff in the Complaint is controlling. Defendants have not met their burden of showing the legal impossibility of Plaintiff recovering the amount claimed. Even accepting Defendant's calculations that the remaining amount in controversy is no more than $50,000, subsequent events, such as the dismissal of one or more claims, cannot destroy jurisdiction. For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss Count Three of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)," Doc. 15, be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th

Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO RECOMMENDED**.

Signed: July 27, 2021

*[signature]*

David S. Cayer
United States Magistrate Judge