IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00324-DSC

| | |
|---|---|
| AYMAN KAMEL, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) **ORDER** |
| v. | )<br>) |
| PATRICK WHALEN, 5 CHURCH INC.,<br>5 CHURCH CHARLESTON LLC AND<br>MAP MANAGEMENT OF<br>CHARLOTTE LLC | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. 35), Defendants' Motion to Compel Discovery Responses (Doc. 31), and the parties' briefs.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and these Motions are now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court **GRANTS** Plaintiff's Motion for Voluntary Dismissal without Prejudice and **DENIES AS MOOT** Defendants' Motion to Compel Discovery Responses.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on June 10, 2020, bringing seven claims. Doc. 1. Upon Motion by Defendants, this Court recommended the District Judge dismiss counts 1, 2, 4, 5, 6,

1

and 7. Docs. 4, 10. On April 13, 2021, the District Judge adopted that recommendation and dismissed those counts, leaving only count 6 for declaratory judgment remaining. Doc. 13. On May 20, 2021, Defendants moved to dismiss that Count on jurisdictional grounds. Doc. 15. That Motion was denied. Docs. 22 & 23.

The parties consented to Magistrate Judge jurisdiction on September 28, 2021. Docs. 25 & 26. The Court entered a Pretrial Order and Case Management Plan on September 28, 2021. Doc. 27. Defendants served their first set of written discovery on Plaintiff on February 3, 2022. Doc. 31 at 1. On February 17, 2022, two weeks before the close of discovery, Plaintiff's counsel withdrew from the case. Doc. 28. Plaintiff continued *pro se* and served his responses to Defendants' discovery requests on March 16, beyond the due date of March 7. Doc. 31 at 2. Arguing these responses were inadequate, Defendants filed their Motion to Compel Discovery Responses on March 28. Doc. 31.

Plaintiff responded on April 8 and filed a contemporaneous Motion for Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Docs. 34 & 35. In their response of May 3, Defendants agree the case should be dismissed but request the Court do so with prejudice. Doc. 37. The *pro se* Plaintiff did not reply by the May 17 deadline.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 41(a)(2), voluntary dismissal of a case without prejudice becomes discretionary with the court after a defendant has answered the complaint. ADP Dealer Servs. Grp. v. Welborne Automotive, Inc., No. 5:09–CV–0069, 2011 WL 677366, at *2 (W.D.N.C. Feb. 16, 2011) (citing Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir.1971)). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).

## ANALYSIS

Whether a defendant will be substantially prejudiced by the plaintiff's voluntary dismissal without prejudice depends upon:

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present state of the litigation, i.e., whether a motion for summary judgment is pending.

ADP Dealer Servs. Grp., 2011 WL 677366, at *3 (quoting Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)). Although Plaintiff has not supplied a compelling explanation for his Motion at this stage and has demonstrated a lack of diligence in complying with his discovery obligations, the Court finds this case has not progressed to the point that dismissal without prejudice will substantially prejudice Defendants. No dispositive motion has been filed and briefed. See Crocker v. Brown, No. 1:16-cv-00005-MR-DLH, 2016 WL 7404719, at *2 (W.D.N.C. Dec. 21, 2016) (finding no substantial prejudice to defendant even where defendant filed motion for summary judgment two days after plaintiff's motion for voluntary dismissal); Andes, 788 F.2d at 1036 (noting that even the preparation and filing of a summary judgment motion is not alone sufficient advancement of a case such that dismissal without prejudice would constitute substantial prejudice to defendant).

Beyond the discovery already conducted, Defendants point to the possibility that Plaintiff might file suit again and re-open discovery as sources of prejudice. But this is not enough. See Price v. U.S. Gear Tools, Inc., No. 1:15-cv-00033-MR-DLH, 2016 WL 830828, at *3 (W.D.N.C. Mar. 3, 2016) (finding no substantial prejudice to defendant because no dispositive motion yet filed and defendant could benefit from discovery and preparation already made in any future action); Patterson v. Western Carolina University, 2013 WL 4053142, at *2 (W.D.N.C. Aug. 12, 2013) (same).

In light of these factors, the Court concludes that dismissing this case without prejudice would not substantially prejudice Defendants.

**FOR THE FOREGOING REASONS**, the Court **GRANTS** Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. 35) and **DENIES AS MOOT** Defendants' Motion to Compel Discovery Responses (Doc. 31).

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: July 5, 2022

David S. Cayer
United States Magistrate Judge